UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Satchel, *et al.,*

    Plaintiffs,

v.                                                          Civil Action No. 16-11518

Dayton Township, *et al.*,                Sean F. Cox
                                                         United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER
GRANTING DEFENDANT HORSCH'S MOTION TO DISMISS
AND GRANTING, IN PART, HIS MOTION FOR RULE 11 SANCTIONS**

    Acting through Counsel, Plaintiffs filed this action asserting numerous counts against nine different Defendants. The matter is currently before the Court on a Motion to Dismiss, and a Rule 11 Motion for Sanctions, filed by Defendant Richard Horsch. This Court cancelled oral argument on the motions after Plaintiffs failed to file any response to the motions – even after this Court issued an Order to Show Cause directing them to do so. As explained below, the Court shall GRANT the Motion to Dismiss because the Court agrees with Defendant Horsch that Plaintiffs' Complaint fails to state any claim against him. In addition, the Court shall grant Defendant Horsch's Motion for Rule 11 Sanctions, to the extent that the Court agrees that a sanction against Plaintiffs' Counsel, jointly and severally with his law firm, is warranted. In order to determine the appropriate amount of the sanction, the Court shall order Defendant Horsch to submit an itemized statement of the attorney fees he has incurred in this action, along with a supporting affidavit from his Counsel.

## BACKGROUND

Acting through Counsel, attorney Brian Garner[1], Plaintiffs James Satchel, Robert Adams, and Rod Merten (collectively, "Plaintiffs") filed this action on April 27, 2016. Plaintiffs' Complaint asserts claims against the following nine Defendants: 1) Dayton Township; 2) Robert Cook; 3) Robert Steele; 4) Michael Mocniak; 5) Stacy Phillips; 6) Eleanor Kilmer; 7) Amanda Gusek; 8) Chris Gusek; and 9) Richard Horsch ("Horsch").

Plaintiffs' Complaint include twelve separate counts. Because the matter is before the Court on a Motion to Dismiss and a Motion for Sanctions that were brought by Defendant Horsch alone, the Court includes here the counts that are asserted against Horsch. Those counts are:

> "Count I: 42 U.S.C. § 1983 – Retaliation for Exercising First Amendment Right of Free Speech in the Right to Vote and Hold Political Office as Applied Through the Equal Protection Clause of the Fourteenth Amendment" (Compl. at 26-28)
>
> "Count II: 42 U.S.C. § 1985 – Conspiracy to Retaliate Against Plaintiffs for Exercising First Amendment Right of Free Speech in the Right to Vote and Hold Political Office as Applied Through the Equal Protection Clause of the Fourteenth Amendment" (Compl. at 28-29).
>
> "Count IV: 42 U.S.C. § 1983 – Racial Discrimination Against Plaintiffs' Right to Vote and Hold Political Office as Applied Through the Equal Protection Clause of the Fourteenth Amendment" (Compl. at 30-31).
>
> "Count V: 42 U.S.C. § 1985 – Conspiracy to Commit Racial Discrimination Against Plaintiffs' Right to Vote and Hold Political Office as Applied Through the Equal Protection Clause of the Fourteenth Amendment" (Compl. at 31)
>
> "Count VII: MCL 750.147b – Ethnic Intimidation" (Compl. at 32-33)
>
> "Count VIII: Intentional Infliction of Emotional Distress" (Compl. at 33-34)

---

[1]The docket reflects that Brian Garner is either a partner or employee of the law firm Taylor, Butterfield, Howell, Churchill, Jarvis & Garner, P.C.

"Count IX: Exemplary Damages Claim" (Compl. at 34-37)

"Count X: 42 U.S.C. § 1983 – Violation of Plaintiff's Rights Under the Michigan Constitution" (Compl. at 37-38)

"Count XI: 42 U.S.C. § 1983 – Conspiracy to Violate Plaintiffs Rights Under the Michigan Constitution" (Compl. at 39)

Plaintiffs' Complaint is forty-one pages long and includes one hundred and eighty four paragraphs.

Plaintiffs' Complaint identifies Horsch as a "resident of Dayton Township, Tuscola County, Michigan." (Compl. at ¶ 18). The only factual allegations as to Horsch are as follows:

> 93.
> . . . .
>   B.   The Board allowed Richard Horsch, a resident, to give a five (5) minute presentation, which is more than the normal amount allotted for public comment, where Horsch claimed Mr. Satchel didn't treat another resident, Joe Peet, fairly.
>
>   C.   Horsch also *claims* he had contacted the Tuscola County Building Code Department regarding the legality of how the Peet property issue had been handled and that he was assured everything was done properly, contrary to Mr. Satchel's previous assertions.
>
> 95.   Also on February 9, 2015, which Plaintiffs' believed to be at the urging of Cook, Horsch filed a proposed recall petition with the Tuscola County Clerk against Mr. Satchel based upon the Board's Censure alleging he "repeatedly abused his board position by assuming zoning enforcement authority . . . by attempting to bully and intimidate residents . . ."
>
> 97.   . . . .[O]n February 27, 2015, Horsch, filed a second proposed recall petition with the Tuscola County Clerk against Mr. Satchel, based upon "the Dayton Township Board unanimously voted to Censure Trustee Satchel."

(Compl. at 18-19) (emphasis in original).

Plaintiff's Complaint was filed on April 27, 2016. This case was originally assigned to the Honorable Thomas Luddington.

Horsch's Counsel entered an appearance on May 25, 2016. On June 2, 2016, Horsch filed a Motion to Dismiss, asking this Court to dismiss all claims asserted against him with prejudice. (Docket Entry No. 14).

On June 28, 2016, Horsch filed a "Rule 11 Motion for Sanctions" (Docket Entry No. 20) wherein he requested that the Court impose Rule 11 sanctions against both Plaintiff Satchel and his Counsel. On June 3, 2016 – more than 21 days prior to filing the motion – Horsch's Counsel served that motion on Plaintiffs' Counsel.

This case was reassigned to this Court on July 8, 2016. On July 14, 2016, this Court noticed Horsch's Motion to Dismiss and his Motion for Sanctions to be heard by the Court on November 3, 2016. (Docket Entry No. 22).

As of August 11, 2016, however, Plaintiffs had not filed any response to either of Horsch's motions.

On August 11, 2016, this Court issued an Order To Show Cause, wherein this Court ordered Plaintiffs to show cause, "in writing, no later than **August 18, 2016,** why the unopposed Motion to Dismiss and Motion for Sanctions filed by Defendant Richard Horsch should not be granted." (Docket Entry No. 23) (emphasis in original).

Plaintiffs did not file any response to the Court's Show Cause Order.

On September 1, 2016, this Court advised the parties that the Court was cancelling oral argument on the motions and would issue a written decision on the Motion to Dismiss and the unopposed Motion for Rule 11 Sanctions. But even that did not prompt a response from Plaintiffs.

## ANALYSIS

**I.      The Court Grants Defendant Horsch's Motion To Dismiss**

In his unopposed Motion to Dismiss, Defendant asserts that Plaintiffs' Complaint fails to state a claim against him and asks this Court to dismiss all claims asserted against him with prejudice.

**A.     Plaintiffs Fail To State A § 1983 Claim Against Defendant Horsch**.

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: 1) the defendant acted under color of state law; and 2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998); *Ellison v. Garbino*, 48 F.3d 192, 194 (6th Cir. 1995).   If a plaintiff fails to make a showing on either essential element of a § 1983 claim, it must fail. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

While Plaintiffs' Complaint alleges that some of the Defendants are township officials, it makes no such allegation as to Horsch.  Rather, it simply identifies Horsch as a township resident.  It is well-established that "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal citation omitted).

Nevertheless, as Horsch notes in his motion, under limited circumstances a private party may be considered a state actor for purposes of a § 1983 claim.  The Sixth Circuit has recognized "three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test." *Ellison*, 48 F.3d at 195.  But Plaintiffs have failed to plead any facts that could support the imposition of state actor status upon Defendant Horsch under any of those tests.

Accordingly, Plaintiffs have failed to state a § 1983 claim against Defendant Horsch.

### B. Plaintiffs Fail To State A § 1985 Conspiracy Claim Against Defendant Horsch.

In Counts II and IV, Plaintiffs assert conspiracy claims against Horsch, pursuant to 42 U.S.C. § 1985(2). (*See* Compl. at ¶¶ 137 & 154).

"Section 1985(2) relates to conspiracies to interfere with the administration of justice in federal courts," and is clearly inapplicable to the facts alleged in Plaintiffs' Complaint. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Moreover, to the extent that Plaintiffs may have meant to assert their conspiracy claims against Horsch under § 1985(3), such claims would not fare any better. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Jaco v. Blooechle*, 739 F.2d 239, 245 (6th Cir. 1984). Here, Plaintiffs' Complaint is entirely void of factual allegations that could support a conspiracy claim against Horsch.

### C. Plaintiffs Fail To State An Intentional Infliction Of Emotional Distress Claim Against Defendant Horsch.

In Count VIII, Plaintiffs assert a claim against Horsch for intentional infliction of emotional distress under Michigan law.

"To establish the tort of intentional infliction of emotional distress in Michigan, 'a plaintiff must prove the following elements: (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress.' *Hilden v. Hurley Med. Ctr.*, 831 F.Supp.2d 1024, 1046 (E.D. Mich. 2011) (internal quotation and citation omitted). 'Liability for intentional infliction of emotional distress [is] found only where the conduct complained of

[was] so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.' *Id.* (internal quotations and citation omitted)." *Regets v. City of Plymouth*, 568 F. App'x 380, 393-94 (6th Cir. 2014).

In reviewing such a claim, it is initially for the Court to determine whether the defendant's conduct reasonably may be regarded as so extreme and outrageous as to permit recovery. *Doe v. Mills,* 212 Mich.App. 73, 92 (1995); *Webster v. United Auto Workers, Local 51*, 394 F.3d 436, 442 (6th Cir. 2005).

In seeking dismissal of this claim, Horsch notes that the only factual allegations as to him are that he spoke out against Satchel, an elected official, at a public meeting and tried unsuccessfully to file a petition to recall him. Horsch asserts that such "acts are hardly 'utterly intolerable in a civilized community' and are rather typical occurrences when one runs for public office." (Def.'s Br. at 13). The Court agrees that the actions allegedly taken by Horsch are clearly insufficient to support an intentional infliction of emotional distress claim under Michigan law.

### D. Plaintiffs Fail To State An Ethnic Intimidation Claim Against Defendant Horsch.

Michigan's ethnic intimidation statute, Mich. Comp. Laws § 750.147b, provides that a "person is guilty of ethnic intimidation if that person maliciously, and with specific intent to intimidate or harass another person because of that person's race, color, religion, gender, or national origin, does any of the following:" a) causes physical contact with another person; b) damages, destroys, or defaces any real or personal property of another person; c) threatens, by word or act, to do an act described in subdivision (a) or (b), if there is reasonable cause to

7

believe that an act described in subdivision (a) or (b) will occur.

Ethnic intimidation is a felony punishable by imprisonment for not more than 2 years, or by a fine of not more than $5,000.00, or both. Mich. Comp. Laws § 750.147b(2).

The statute also authorizes civil damages and provides, in pertinent part, that "[r]egardless of the existence or outcome of any criminal prosecution, a person who suffers injury to his or her person or damage to his or her property as a result of ethnic intimidation may bring a civil cause of action against the person who commits the offense to secure an injunction, actual damages, including damages for emotional distress, or other appropriate relief." Mich. Comp. Laws § 750.147b(3).

In Count VII, Plaintiffs seek civil damages against Horsch under the statute. But Plaintiffs' Complaint does not allege that Horsch a) caused any physical harm to Plaintiffs; b) damaged, destroyed, or defaced any real or personal property of Plaintiffs; or c) threatened to do so. Plaintiffs therefore clearly fail to state an ethnic intimidation claim against Horsch.[2]

## II. The Court Grants Defendant Horsch's Rule 11 Motion For Sanctions, To The Extent That It Will Impose Sanctions Against Plaintiffs' Counsel, Jointly And Severally With His Law Firm.

"Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and

---

[2]The Court notes that Plaintiffs' Complaint also includes a separate count titled "Exemplary Damages," which is also asserted against Horsch. But exemplary damages are a remedy, not a cause of action. This Count will also be dismissed as to Defendant Horsch.

legal contentions before presenting them to the court." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766 (6th Cir. 2014). Specifically, Rule 11(b) provides that "[b]y presenting to the court a pleading . . . or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:"

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).

Horsch's Counsel complied with Rule 11's "safe-harbor" provision by serving a copy of his Rule 11 Motion for Sanctions on Plaintiff's Counsel on June 3, 2016, which was more than 21 days prior to filing it with the Court. That safe-harbor provision allows "the nonmovant a reasonable period to reconsider the legal and factual basis for his contentions" and, if necessary,

9

dismiss any legally insufficient claims. *Penn, LLC,* 773 F.3d at 767.

Here, however, Plaintiffs did not dismiss any of the claims asserted against Horsch after being served with the Rule 11 Motion for Sanctions, and the Motion to Dismiss.

"In this Circuit, the test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was 'reasonable under the circumstances.'" *Salkil v. Mount Sterling Tp. Police Dept.,* 458 F.3d 520, 528 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). "The court is 'expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010).

The Court agrees with Horsch that the filing of Plaintiffs' Complaint violated Rule 11(b)(2) because the claims asserted against Horsch were clearly without factual or legal support at the time the complaint was filed. Indeed, the only factual allegations concerning Horsch in Plaintiffs' 184-paragraph Complaint are that: 1) he spoke out against Satchel, an elected official, at one public meeting; and 2) he filed two proposed recall petitions concerning Satchel.

Horsch asks the Court to impose Rule sanctions against both Plaintiff Satchel and Plaintiffs' Counsel.

Rule 11, however, expressly prohibits this Court from imposing monetary sanctions against a represented party for violating Rule 11(b)(2).[3] Fed. R. Civ. P. 11(c)(5); *see also Dearborn Street Bldg. Assocs., LLC v. Huntington Nat. Bank*, 411 F. A'ppx 847, 852 (6th Cir.

---

[3]Horsch has not established that any other subsections of Rule 11(b) have been violated. For example, Defendant Horsch has not argued that the sparse factual allegations concerning him in the Complaint lack evidentiary support, as would support a violation under Rule 11(b)(3).

2011) (explaining that under the rule, "only attorneys may be held liable where the basis of a sanctions award is the frivolousness of a party's *legal* position.") (emphasis in original).  The Court will therefore deny the motion to the extent that it seeks Rule 11 sanctions against Plaintiff Satchel.

The Court concludes that Rule 11 sanctions against Plaintiffs' Counsel (Brian Garner) are warranted.  Moreover, the Court concludes that the sanctions against Mr. Garner should be awarded jointly and severally with his law firm (Taylor, Butterfield, Howell, Churchill, Jarvis & Garner, P.C.), as there are no exceptional circumstances to indicate otherwise.  *See* Fed. R. Civ. P. 11(c)(1).

This Court must therefore determine the nature and amount of the sanctions that should be imposed.  Rule 11 provides as follows concerning the nature of the sanctions that may be imposed by the Court:

> (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

This Court is mindful that sanctions are discretionary and that the current version of Rule 11 "de-emphasizes" monetary sanctions and "direct payouts to the opposing party*." See e.g., Ridder*, 109 F.3d at 294.  Rule 11 still recognizes, however, that under some circumstances, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those

injured by the violation. *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009); Fed. R.. Civ. P. 11(c)(4).

The Court concludes that this is one of those relatively rare instances where a monetary sanction, made payable to the movant, is necessary for effective deterrence. Plaintiffs' Counsel filed a litany of claims against Defendant Horsch – a private citizen – after he spoke out at a public meeting about an elected official, and filed two proposed recall petitions. The claims asserted against him were clearly without factual or legal support from the onset. And Counsel continued to violate Rule 11(b)(2) by failing to dismiss the frivolous claims asserted against Horsch, even when faced with a properly-supported Motion to Dismiss, and service of a Rule 11 Motion for Sanctions. Mr. Garner failed to file any response to the Motion to Dismiss, and completely ignored the Motion for Rule 11 Sanctions. Incredibly, no response to the unopposed Rule 11 Motion for Sanctions was filed even after this Court issued its Show Cause Order.

In order to determine the appropriate amount of monetary sanctions that should be imposed, the Court shall Order Defendant Horsch to file an itemized statement of the attorney fees he has incurred in this action, along with an affidavit from Counsel. If Plaintiffs' Counsel and his law firm wish to do so, they may file a response to that submission. The Court will then determine the appropriate sanction to be awarded.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant Horsch's Motion to Dismiss is **GRANTED** and that all claims asserted against Defendant Horsch are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant Horsch's Motion for Rule 11 Sanctions is **GRANTED IN PART.** The motion is granted to the extent that the Court finds that a monetary sanction against Plaintiffs' Counsel (Brian Garner) and his law firm (Taylor, Butterfield, Howell, Churchill, Jarvis & Garner, P.C.) is warranted. In order to determine the appropriate amount of the monetary sanction to be awarded, the Court hereby **ORDERS** that:

1) No later than **November 14, 2016**, Defendant Horsch shall file an itemized statement of the attorney fees he has incurred in this action, along with a supporting affidavit from Counsel;

2) If they wish to do so, no later than **November 28, 2016**, Plaintiffs' Counsel and his law firm may file a response to Defendant Horsch's submission.

**IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: October 24, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 24, 2016, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager